Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**Kazerouni Law Group APC**
2700 North Main Street, Ste. 1050
Santa Ana, CA 92866
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Badie Jaber

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BADIE JABER, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED**<br><br>                **PLAINTIFF,**<br>v.<br><br>**NASCAR HOLDINGS, INC.,**<br><br>                **DEFENDANT.** | Case No: 11-CV-1783 DMS(WVG)<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. Badie Jaber, (Plaintiff), through Plaintiff's attorneys, brings this class action for damages, injunctive relief, and any other available legal or equitable remedies resulting from the illegal actions of NASCAR Holdings, Inc., ("NASCAR" or "Defendant") in negligently, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332(d)(2) because Plaintiff seeks relief on behalf of a national class action, which will result in at least one class member belonging to a different state than that of Defendants. Plaintiff also seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(c) and 1441(a) because Defendant, NASCAR is a corporation and conducted business in San Diego County at the time this action commenced.

//
//
//

**NATURE OF THE CASE**

4.  In an effort to promote the sales of its mobile application, NASCAR engaged in an especially pernicious form of marketing: the transmission of unauthorized advertisements, in the form of "text messages" to the cellular telephones of consumers across the nation.

5.  On information and belief, Plaintiff alleges that NASCAR was complicit with Plaintiff's cellular telephone provider in engaging in a campaign of sending such unsolicited text messages to Plaintiff and other Class members.

6.  On information and belief, Plaintiff alleges that NASCAR had an agreement and/or contractual relationship with Plaintiff's cellular telephone provider wherein NASCAR's services and/or products would be advertised via text messages to Class Members, which were unsolicited.

7.  By effectuating these text messages (hereinafter, "wireless spam" or "SMS Spam"), NASCAR has caused such consumers actual harm, not only because consumers were subjected to the aggravation and invasion of privacy that necessarily accompanies unsolicited wireless spam, but also because consumers frequently have to pay their cell phone service providers for the receipt of such wireless spam.

8.  Plaintiff, on behalf of himself and a nationwide class of similarly situated persons, brings this suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), which prohibits unsolicited text calls to cell phones.

9.  Plaintiff and the Class seek injunctive relief and an award of statutory damages, together with costs and reasonable attorney's fees.

**PARTIES**

10. Plaintiff is, and all times mentioned herein was, an individual citizen and resident of the State of California. Plaintiff is, and all times mentioned herein was, "person(s)" as defined by 47 U.S.C. §153 (10).

11. Plaintiff is informed and believes, and thereon alleges, that NASCAR is, at all times mentioned herein was, a corporation whose primary corporate address is in Daytona Beach, Florida.

12. At all times mentioned herein, Defendant, NASCAR was and is a corporation and "person(s)" as defined by 47 U.S.C. § 152 (10).

### FACTUAL ALLEGATIONS

13. In recent years, marketers, who often have felt stymied by federal or state laws limiting solicitations over residential telephones, facsimile machines, and e-mails, have looked to alternative technologies through which to send bulk solicitations cheaply. NASCAR is liable for the acts and/or omissions of its agents and/or employees and/or assignees via the theories of vicarious liability and/or agency.

14. One of the newest types of such bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" describes a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 or so characters.

15. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS message call is successfully made, the recipient's cell phone typically rings, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

16. Unlike more conventional solicitations, wireless spam actually costs its recipients money, because cell phone users must frequently pay their respective wireless service providers either for each text message call they

receive or for a text plan that includes a specified number of messages, regardless of whether or not the message is authorized.

17. In recent months, NASCAR and their agents, using an automatic telephone dialing system, caused mass amounts of wireless spam calls to be made to the cell phones of consumers across the country, advertising various NASCAR Mobile Applications.

18. Plaintiff maintains cellular service through a common cellular telephone service provider. Plaintiff has maintained this cellular telephone for a period of time.

19. NASCAR sent Plaintiff an unsolicited text message on February 19, 2011 at approximately 2:16 p.m. advertising additional promotional products offered by Defendant NASCAR. This contact on Plaintiff's cellular telephone was made via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

20. During this date and time Plaintiff's cell phone rang, indicating that a text call was being received. The "from" field of the transmission was identified cryptically as "2222," a format which Plaintiff later learned was an abbreviated telephone number known as an SMS short code. That short code is owned by Plaintiff's cellular telephone provider and Defendant's agent for use in their SMS text messaging promotional campaigns.

21. The body of the text message Plaintiff was sent read:

"2222". The text message stated in pertinent part:
"FREE NASCAR Sprint Cup Mobile lets you watch the action from Daytona live on your phone. Download now: http://sprint.us/nascar Reply END to stop"

22. In response to receiving this unsolicited text message, Plaintiff relied "End".

23. In response, Defendant, or it's agents, then sent another unsolicited text message to Plaintiff which stated in pertinent part:

"Thanks. You have been removed from our Device Education SMS program."

24. Plaintiff maintains cellular service with a common cellular telephone service provider and maintains cellular telephone number 909-964-5565. Plaintiff has maintained this cellular telephone for years.

25. Plaintiff has never provided this cellular telephone number to Defendant or provided any type of prior express consent to receive sales solicitations through Plaintiff's cellular telephone.

26. This series of unsolicited text message placed to Plaintiff's cellular telephone was placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

27. The telephone number that the Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

28. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

29. Plaintiff did not provide NASCAR or its agents prior express consent to receive unsolicited text messages, pursuant to 47 U.S.C. § 227 (b)(1)(A).

30. These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

31. During this telephone call and/or sending of the unsolicited text message, Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

32. The telephone number Defendant, or its agents, called and/or sent the unsolicited text message was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

33. These telephone call and/or unsolicited text message constituted a call that was not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

### CLASS ACTION ALLEGATIONS

34. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

35. Plaintiff represents, and is a member of the Class, consisting of all persons within the United States who received any unsolicited text messages and/or any other unsolicited text messages from Defendant without prior express consent.

36. Plaintiff also brings this action on behalf of himself and on behalf of all others similarly situated and is a member of ("the Sub-Class").

37. Plaintiff represents and is a member of the Sub-Class of persons who sent a reply text message, "end," to Defendant, or its agents, in response to a text message sent by Defendant, or its agents, and then received an unsolicited confirmatory text message from Defendant, or its agents, which text message was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of this Complaint.

38. Defendant and its employees or agents are excluded from the Class and the Sub-Class.  Plaintiff does not know the number of members in the Class or Sub-Class, but believes the Class and Sub-Class members number in the hundreds of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

39. Plaintiff and members of the Class and Sub-Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through their agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited and/or confirmatory text message, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which

Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

40. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and Sub-Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

41. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defend Defendant's records or Defendant's agents' records.

42. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

    a) Whether, within the four years prior to the filing of this Complaint, Defendant, or its agents, placed any confirmatory text messages (other than a text message made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing and/or texting system to any telephone number assigned to a cellular telephone service;

    b) Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

    c) Whether Defendants should be enjoined from engaging in such conduct in the future.

43. As a person that received at least one unsolicited text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class.  Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

44. As a person that received at least one confirmatory text message without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Sub-Class.  Plaintiff will fairly and adequately represent and protect the interests of the Sub-Class in that Plaintiff has no interests antagonistic to any member of the Sub-Class.

45. Plaintiff and the members of the Class and Sub-Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class and Sub-Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

46. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

47. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

48. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

49. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

50. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

51. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and The Class is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. Plaintiff and the The Class is also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

53. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

54. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

55. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each of the The Classes are entitled to treble damages, as

provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

56. Plaintiff and the The Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.
*AS TO ALL DEFENDANTS*

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class and Subclass member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.
*AS TO ALL DEFENDANTS*

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class and Subclass member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: __12/8/11__          By:__/s/ Joshua Swigart__
                              Joshua B. Swigart
                              Attorneys for Plaintiff